Chief Justice Robertson,
delivered the opinion of the court.
Tins is an action of covenant on a penal bond, with the following condition: “That whereas, N. B. Wood, Maurice Miller, and Jacob Cole, have separately instituted suits in the Spencer circuit court,• chancery causes, against Craven Peyton, and have levied separately a distraining warrant, on a negro boy named Simon, which negro has this day been hired to John Hill, until the first day of the next August term, for the sum of 75 cents. Now, if the said John Hill, &c. will pay the hire and have the boy forthcoming, and subject to any decree which the court may make in said suits, on the 1st day of the next August term of the Spencer circuit court, then the obligation to be void; otherwise, &cA The date was June 13th, 1820.
"When llie ■legal interest ofcovenantees is several, each inay sue separately for his particular 'damage, although the covenant is in -form joint.
It was averred in the declaration, that at the May term, 182?, the plaintiff obtained a decree for the salé of the hoy Simon, for his benefit; that no decrees had been rendered in the cases of Wood and of Cole; and that the defendants had failed to pay the hire or have the slave forthcoming, on the first day of the August term, 1820, of the Spencer circuit court, and refused to deliver him to the sheriff to he sold under the decree, but had secretly kept or run him off, so that the sheriff “could not subject him to sale in obedience to said decree.”
The circuit court sustained a demurrer tc> the declaration, and thereupon rendered judgment foi the defendants.
Wo have not been able to detect any essential defect in the declaration. The covenant is awkwardly written, but it is intelligible; its import and object clearly appear. The breaches are sufficiently assigned. The defendants might have exonerated themselves by paying the hire, and having Simon forthcoming and subject to the order of the court, on the first day of the August term, 182G, or by paying the hire and having the slave forthcoming even when the decree was rendei’ed. But they were guilty of a breach of the condition of their covenant, if the declaration he true.
The only objection which has been suggested to the declaration is, that the covenant was executed to three, and the suit is brought in the name of one of them only. And this was (we presume) the ground on which the circuit court sustained the demurrer.
But, although the form of the covenant is joint, its legal effect is several. The interest of the covenantees was several; and therefore, they might maintain several suits on the covenant; I Saunders, 154, n. 1, and the authorities there cited; I Chitty, 6.
The object of the covenant was to secure the slave, so that he might he subjected to the claims of each of the covenantees. The claims of each seem to have been separate and distinct. When the plaintiff obtained his dcciec for the sale of the slav-e, the defendants broke their covenant, if the slave was not forthcoming, so that the decree might he executed. And if the slave had been taken and sold to satisfy the decree in favor of the *401 plaintiff, the defendants would have been exonerated from any ulterior liability to the other covenantees. Because, by obeying the decree, and surrendering to its ¡mandate the slave, they would have performed the-'condition of their covenant according to its spirit and legal effect.
Denny, for plaintiff.
As the plaintiff had a cause of action, in consequence of the decree in his favor, he might maintain it in his own name alone. It does not appear that the other cov-enantees have been or will ever be injured. The interest of the plaintiff has alone been affected; or if thé other covenantees might sue, their respective interests, like that of the plaintiff', being separate, they might prosecute several suits. Each would have a right td a judgment, to the extent of the damage which he had individually sustained; and could have no right to the damages or to any portion of the damages sustained by either of the others.
Wherefore, we are of opinion that the suit was' properly brought, and therefore, the judgment of the circuit court is reversed, and the cause remanded, with instruct tions to overrule the demurrer to the declaration,